**SPARTAN PROPERTIES, INC.,**
**Plaintiff-Appellant,**

v.

**HONEYWELL, INC.,**
**Defendant-Appellee.**

**No. 74–3770.**

United States Court of Appeals,
Fifth Circuit.

March 5, 1976.

Michael C. Murphy, Atlanta, Ga., for plaintiff-appellant.

Earle B. May, Jr., Eugene T. Branch, Atlanta, Ga., for defendant-appellee.

Before WISDOM, COLEMAN and GEE, Circuit Judges.

PER CURIAM:

Spartan Properties appeals from the lower court's directed verdict against it on a claim that appellee Honeywell breached an alleged promise to deliver a signed lease to appellant's president, Jack Minter, by a certain date. Appellant intended to purchase land on which to construct a building for long-term lease to appellee, but needed a lease agreement to secure long-term financing for the property acquisition. Appellant alleges that appellee, through an agent, promised to deliver the lease by a certain date if appellant would exercise its option to purchase the land immediately. Appellee did not deliver the lease until six weeks later, by which time interest rates had substantially increased; but appellant accepted the lease, sought long-term financing on less favorable terms, and only chose to press this claim several years later. The lower court granted appellee a directed verdict on the ground that appellant waived its right to sue for the breach by accepting the lease.

Even assuming an agent of Honeywell orally promised to deliver the lease, a matter on which the evidence is vague and unsatisfying, we decline to reverse the lower court decision. After the alleged due date of the lease, Minter could have reneged on the construction-lease arrangement or insisted on a nonwaiver agreement. But instead, knowing that the money market had deteriorated, he intentionally chose to gamble in hopes that it would improve. His correspondence with appellee subsequent to the due date, which contains details about the planned construction, contains no demurral or threat of suit, and appellee reasonably expected none. Only after two years of discovery did Spartan first introduce its breach-to-deliver argument. On this record, we are convinced that the facts and inferences so strongly favor appellee that a jury of reasonable persons could not return a verdict for appellant, see *Boeing v. Shipman*, 411 F.2d 365, 373–75 (5th Cir. 1969), and the judgment must therefore be affirmed.

Affirmed.